961 F.2d 1578
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger PAYNE, III, Plaintiff-Appellant,
v.
Robert BROWN, Jr., et al., Defendants-Appellees.
 No. 91-1531.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a pro se prisoner civil rights case. The plaintiff alleged that the defendants, employees of the Michigan Department of Corrections, conspired to deprive him of his rights under the First and Fourteenth Amendments, and that some of the defendants used excessive force against him. The district court granted summary judgment to the defendants on Eleventh Amendment grounds.
 
 
 2
 On appeal, the plaintiff argues that the defendants were not entitled to Eleventh Amendment immunity. We agree, but we conclude that most of the defendants were entitled to summary judgment on other grounds.
 
 
 3
 * The plaintiff, Roger Payne, is a Michigan State prisoner who is serving a 25 to 50 year sentence for armed robbery. The events with which we are concerned here occurred when he was incarcerated at the Chippewa Temporary Facility in Kincheloe, Michigan.
 
 
 4
 On January 21, 1990, Mr. Payne was leading a religious service for eleven other inmates. Two corrections officers, Peter Hubbard and Darla Lancour, were sitting in as observers. Mr. Payne delivered a sermon in which he discussed Black History Month and the Thirteenth Amendment to the United States Constitution. Exactly what he said is in dispute, but Officer Hubbard later filled out a "Major Misconduct Report" in which he charged Mr. Payne with incitement to riot. Mr. Payne was placed in administrative segregation pending a hearing on the misconduct charge. The hearing was held on January 25, 1990, and Mr. Payne was found not guilty.
 
 
 5
 Mr. Payne then filed this action in federal district court. The complaint named as defendants Robert Brown, then Director of the Michigan Department of Corrections; Paul Shelley, the Deputy Warden at the Chippewa Facility; and nine other prison officials--Officers Hubbard, Lancour, Timothy Hares, and Herb Mackie, Lieutenant Douglas Ellsworth, and Seargants Rodney Boneville, Rick Soule, Fred Peabody, and "Robinson." Mr. Payne alleged that the defendants had conspired to deprive him of his First and Fourteenth Amendment rights to free exercise of religion and freedom of speech and to deprive him of his Fourteenth Amendment "liberty" interest in not having false evidence presented against him intentionally. Reading his pro se complaint generously, he also alleged that he was subjected to excessive force by Officer Hares and Sgt. Bonneville. The suit was construed by the magistrate as a civil rights action brought pursuant to 42 U.S.C. § 1983.
 
 
 6
 The defendants moved for summary judgment. In support of their motion they presented affidavits in which Officers Hubbard and Lancour stated that during the January 21 service Mr. Payne made inflammatory statements about taking over the prison. Other officers stated by affidavit that after the misconduct citation was read to Mr. Payne, Officer Hares attempted to handcuff him and Mr. Payne resisted by jamming his hands into his pockets. Mr. Hares then used force to apply the cuffs; the affidavits denied that the force was excessive.
 
 
 7
 The defendants also presented documents relating to the misconduct hearing. These materials showed that the hearing officer who presided noted that all of the other inmates at the religious service denied that Mr. Payne had made the inflammatory remarks attributed to him. The hearing officer based his not guilty finding on the following factors: (1) the uniformity of the eleven other inmates' denials; (2) the fact that the meeting had concluded peacefully; (3) the necessity to be more lenient with statements made during a religious service; and (4) the possibility that the corrections officers misunderstood the statements made.
 
 
 8
 Mr. Payne filed a response to the defendants' motion for summary judgment and attached an affidavit of his own. In the affidavit he denied making the inflammatory remarks attributed to him and said that Officers Hares and Mackie had attacked him and placed him in handcuffs without provocation. The affidavit also stated that Mr. Payne was prepared to present live testimony that he did not make inflammatory remarks.
 
 
 9
 A magistrate issued a report and recommendation in which he concluded that the complaint stated a valid claim under 42 U.S.C. §§ 1983 and 1985 and that there was a genuine issue of material fact as to whether the corrections officers had knowingly filed false misconduct charges. The magistrate concluded, however, that controlling Sixth Circuit precedent required that Mr. Payne's complaint be dismissed on Eleventh Amendment grounds. Mr. Payne filed an objection to this conclusion. The defendants filed no objections. The district court adopted the magistrate's report and recommendation and dismissed the complaint. This appeal followed.
 
 II
 
 10
 The district court relied on Cowan v. University of Louisville School of Medicine, 900 F.2d 936 (6th Cir.1990), for the proposition that state officials could not be held personally liable for unconstitutional actions taken in the course of their official duties. Cowan's holding was explicitly rejected by the Supreme Court in Hafer v. Melo, 112 S.Ct. 358, 363 (1991). See also Ritchie v. Wickstrom, 938 F.2d 689, 692 (6th Cir.1991). The Eleventh Amendment issue has thus been resolved in Mr. Payne's favor.
 
 III
 
 11
 The defendants ask us to affirm the summary judgment on alternate grounds. First, the defendants argue that Mr. Payne sought only declaratory relief and that it would therefore be inappropriate for the court to exercise jurisdiction over this case.
 
 
 12
 Mr. Payne did not specifically ask for damages in his complaint. Rather, he asked the district court to "Enter an Order and/or Judgment finding that Plaintiff's constitutional rights were, indeed, violated by the Defendants, and such other relief as the Court deems just and proper." In his objections to the magistrate's report and recommendation, however, Mr. Payne specified that he "seeks damages ... from each named defendant in his or her individual capacity." Mr. Payne was thus clearly claiming damages.
 
 IV
 
 13
 The defendants also argue that they were entitled to summary judgment on the merits. The magistrate had made a contrary recommendation. We must therefore decide as a preliminary matter whether the defendants can challenge a magistrate's recommendation to which they did not object before the district court. We conclude that they can, because we are dealing here with summary judgment proceedings and because the defendants are asking us to affirm the judgment and not to reverse it.
 
 
 14
 In United States v. Clutter, 914 F.2d 775 (6th Cir.1990), the defendants sought to suppress evidence based on two distinct theories. A magistrate recommended rejection of the first theory and acceptance of the second. The defendants did not object to the magistrate's recommendation on the first theory, and the district court rejected the second one. We held that "[b]y failing to object timely to the magistrate's recommendation [on their first theory] ... defendants failed to preserve that contention." Id. at 780.
 
 
 15
 Clutter is distinguishable from the case at bar. There the appellants were asking the court to overturn an evidentiary ruling. Here, in contrast, the appellees are asking us to affirm a grant of summary judgment. We review summary judgment proceedings de novo--and as we held in Herm v. Stafford, 663 F.2d 669, 684 (6th Cir.1981),
 
 
 16
 "[a]n appellate court can find an alternative basis for concluding that a party is entitled to summary judgment and ignore any erroneous bases relied upon by the district court, provided it proceeds carefully so the opposing party is not denied an opportunity to respond to the new theory." (Footnote and citations omitted.)
 
 
 17
 "A defendant may raise an alternative theory without cross-appealing," id., and it is well established that a prevailing party "may ... assert in a reviewing court any ground in support of his judgment, whether or not that ground was relied upon or even considered by the trial court." Dandridge v. Williams, 397 U.S. 471, 475, n. 6 (1970).
 
 V
 
 18
 Mr. Payne's complaint did not allege the necessary elements of a § 1985 claim. Such a claim must be founded on class-based invidious discrimination. Griffin v. Breckenridge, 403 U.S. 88 (1971); Wolotsky v. Huhn, --- F.2d ---- (6th Cir.1992), 1992 WL 65441, * 7, No. 91-3677, filed March 4, 1992. Mr. Payne alleged no such discrimination in his complaint or in his proposed amendment to the complaint.
 
 VI
 
 19
 As to the § 1983 claim, Mr. Payne alleged the use of excessive force by defendants Mackie, Hares, Boneville, and Ellsworth. According to Mr. Payne, he was gratuitously "attacked" or "jumped" by Officers Mackie and Hares and was placed in handcuffs while Officers Boneville and Ellsworth looked on. He was then escorted to administrative segregation.
 
 
 20
 It is certainly possible that Officers Mackie and Hares used greater force than necessary, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992). In the absence of a showing that any of the officers "inflicted unnecessary and wanton pain and suffering," each of them is entitled to summary judgment. Id. at 998, quoting Ingraham v. Wright, 430 U.S. 651, 679 (1977), as quoted in Whitley v. Albers, 475 U.S. 312, 319 (1986).
 
 VII
 
 21
 With respect to the remaining defendant, Officer Hubbard, we find that there is a genuine issue of material fact as to whether he deliberately falsified the misconduct report in violation of Mr. Payne's constitutional rights. Officer Hubbard is therefore not entitled to summary judgment.
 
 
 22
 We AFFIRM the grant of summary judgment to defendants Brown, Shelley, Soule, Peabody, Robinson, Lancour, Mackie, Hares, Boneville, and Ellsworth, and we REVERSE the grant of summary judgment to Officer Hubbard. The case is REMANDED for further proceedings as to the latter defendant.